# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ALBERTO GUERRERO,

   *Petitioner*,

vs.

JAMES M. SCHOMIG, *et al.,*

   *Respondents*.

2:04-cv-00454-KJD-GWF

ORDER

    This habeas matter under 28 U.S.C. § 2254 comes before the Court on the petitioner's application (#24) for a certificate of appealability (COA). Petitioner seeks to appeal the Court's dismissal of the petition on the merits.

    Under 28 U.S.C. § 2253(c), the petitioner must make a "substantial showing of the denial of a constitutional right" in order to obtain a COA when the district court has denied a habeas claim on the merits. *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 1603-04, 146 L.Ed.2d 542 (2000); *Hiivala v. Wood*, 195 F.3d 1098, 1104 (9th Cir. 1999). To satisfy this standard, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong." *Slack*, 529 U.S. at 484, 120 S.Ct. at 1604.

    In the present case, reasonable jurists would not find the denial of relief on petitioner's claims to be debatable or wrong.

***Ground 1(a)***

In Ground 1(a), petitioner contended: (1) that he was denied effective assistance when his trial counsel allegedly conceded his guilt during closing argument and; (2) that he was denied due process by the state trial court's actions after he objected to his counsel's closing.

On the first aspect of Ground 1(a), it is abundantly clear from the state court record, see #19, at 5-8, that counsel was trying to defeat rather than concede guilt for first degree murder and that the closing argument was the product of a tactical decision by counsel. Further, there was not a reasonable probability that the outcome of the trial would have been different if counsel instead had attempted to base the closing on a strained argument that the State had failed to establish either that Guerrero was present or that he was involved in the shooting. Guerrero faced overwhelming evidence that he was engaged in a confrontation with the victim at the very instant of the shooting and that the victim's body was riddled with multiple gunshot wounds from the .22 registered to Guerrero. If trial counsel instead had based his closing on the proposition that the jury simply should ignore this compelling evidence, the reasonable probability is that Guerrero still would stand convicted of first degree murder. Counsel's closing argument at the very least allowed for the possibility of a lesser verdict by the jury, without affirmatively conceding guilt on any charge. The Nevada Supreme Court's rejection of this claim was fully consistent with governing Supreme Court law.[1]

/ / / /

---

[1] *Accord Florida v. Nixon*, 543 U.S. 175, 192, 125 S.Ct. 551, 160 L.Ed.2d 565 (2004)(when facing the distinct possibility of a penalty phase, it can be reasonable for defense counsel to concede guilt in a guilt-phase closing argument in an attempt to "impress the jury with his candor," for purposes of building on that impression during the penalty phase; and a failure to obtain the defendant's express consent to the strategy does not automatically render counsel's performance deficient); *Yarborough v. Gentry*, 540 U.S. 1, 7-10, 124 S.Ct. 1, 157 L.Ed.2d 1 (2003)(per curiam)(defense attorneys often must make strategic decisions as to what arguments to include in closing arguments and may choose to acknowledge the "shortcomings" of their client's case in order to build credibility with the jury); *see also Hovey v. Ayers*, 458 F.3d 892, 905-07 (9th Cir. 2006)(counsel's closing statements, even if properly characterized as concessions, did not constitute deficient performance and further did not prejudice petitioner). In his COA application, petitioner cites to *United States v. Swanson*, 943 F.2d 1070, 1074 (9th Cir. 1991). Over and above the fact that *Swanson* is an appellate federal criminal case that predates the above-cited Supreme Court decisions, the case is distinguishable in substance because there was absolutely no strategy in *Swanson* for defense counsel's closing statement, in which counsel completely conceded guilt and told the jurors they should not worry about whether they had done the right thing if they found the defendant guilty.

On the second aspect of Ground 1(a), the trial transcript reflects that Guerrero's outburst occurred during the *State's penalty phase* closing argument, not during his counsel's guilt phase closing arguments. The state court's handling of the outburst therefore could not have prejudiced Guerrero. The guilt phase already had been concluded, and in the penalty phase he received the sentence sought by the defense, life with the possibility of parole after forty years rather than life without the possibility of parole. Moreover, the state trial judge's threat to do exactly what the Supreme Court held in *Illinois v. Allen*, 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970), to be "constitutionally permissible" indisputably does not give rise to a due process violation. This Court therefore rejected the claim on *de novo* review.

***Ground 1(b)***

In Ground 1(b), petitioner contended that he was denied effective assistance of counsel because his counsel failed to investigate evidence to support a defense that the victim was killed in a drive-by shooting from a passing white car while Guerrero and his co-defendant father "watched in horror." Petitioner alleged that counsel failed to investigate the victim's propensity for violence, failed to interview neighbors who witnessed the drive-by shooting, failed to discover their value for trial, and failed to establish the impact their live testimony would have on the jury.

Guerrero did not come forward with any evidence at the state court evidentiary hearing tending to establish that defense counsel would have been able to support the drive-by shooting theory with credible evidence if he had pursued the issue further. In particular, petitioner failed to present any evidence that a single neighbor in fact would have testified that they witnessed a drive-by shooting. Guerrero's central allegation that an adequate defense investigation would have developed such eyewitness testimony by neighbors therefore was wholly unsupported and speculative. His remaining allegations on the claim similarly were unsupported. Moreover, when the state district judge asked petitioner to explain how the drive-by shooting occurred, Guerrero could not provide a coherent explanation as to how the use of his .22 in the shooting fit in with his mystery white car theory. Petitioner's story accordingly both was wholly unsupported and further was not capable of being explained

coherently and rationally in a manner that was not contradicted and belied by the physical evidence presented. The Nevada Supreme Court's rejection of this wholly fanciful claim was neither contrary to nor an unreasonable application of *Strickland*.

### *Ground 2(a)*

In Ground 2(a), petitioner contends that he was denied effective assistance of counsel because his counsel failed to cross-examine the State's witnesses regarding the victim's alleged propensity for violence, habitual possession of a handgun, and involvement with gang violence, in support of Guerrero's claim that the victim precipitated the alleged drive-by shooting.

At the state post-conviction evidentiary hearing, petitioner's trial counsel testified that there was no evidence that the victim possessed a handgun or that he was a member of a gang. He further did not believe that it was a good tactic to attack the dead victim at trial in the face of evidence, *inter alia*, that he was shot multiple times with Guerrero's .22, because the strategy could backfire and turn the jury against the defense. Guerrero did not come forward with any evidence at the state court evidentiary hearing tending to establish that, if defense counsel had inquired on cross-examination, any State witness in fact would have testified that the victim had a propensity for violence, habitually carried a handgun, or was involved with gangs. The petitioner's claim thus was based on the wholly speculative premise that cross-examination of the State's witnesses would have elicited favorable defense testimony on these points in the absence of any other evidence that the victim had a propensity for violence, carried a gun, or was involved with gangs. Further, the claim was part and parcel of Guerrero's drive-by shooting theory of defense, a theory that, at best, strained credulity, and, at worst, was directly contradicted by the undisputed physical evidence. The Nevada Supreme Court's rejection of this similarly fanciful claim also was neither contrary to nor an unreasonable application of *Strickland*. The two cases that petitioner cites in his COA application on this claim both are wholly inapposite, and the second case additionally is a California state court decision rather than a United States Supreme Court decision.

/ / / /

***Ground 2(b)***

In Ground 2(b), petitioner contended that he was denied effective assistance of counsel because his counsel allegedly refused to allow him to testify at trial. Guerrero alleged that he demanded to be called to the stand to testify on his own behalf to tell the jury about the alleged drive-by shooting and the victim's alleged propensity for violence.

On this claim, the Nevada Supreme Court determined that there was no indication in the record that petitioner had been improperly prevented from testifying in his own defense. Petitioner has not identified any contrary evidence in the state court record, and the Nevada Supreme Court's factual finding therefore is entitled to a presumption of correctness under 28 U.S.C. § 2254(e)(1). Moreover, at trial, Guerrero sat silently by; and he made no claim on the record that he allegedly instead wished to testify at trial until well after the fact when he sought post-conviction review. Under the Ninth Circuit law cited in the order of dismissal, such silence constitutes a waiver of the claim. Finally, there was not a reasonable probability that the outcome of the trial would have been better if Guerrero had taken the stand and told his fanciful drive-by shooting story to the jury. If petitioner could not provide the state court judge with a coherent and rational explanation of the drive-by story in the relative calm of a post-conviction hearing, there is no rational possibility that Guerrero would have persuaded a jury with the story after being subjected to the rigors of cross-examination by a prosecutor in a first degree murder trial. The Nevada Supreme Court's rejection of this claim therefore was neither contrary to nor an unreasonable application of *Strickland*.

***Ground 3***

In Ground 3, petitioner contended that he was denied effective assistance of counsel because his counsel failed to move to suppress Maria Maldonado's testimony on the basis that her testimony was unreliable. Petitioner maintained that her testimony could have been excluded because she changed her account of what happened over the course of the case and further because of her close relationship with the victim. He urged that if her testimony had been excluded, the police then would have investigated further and would have found the alleged drive-by shooters from the mystery white car.

Guerrero does not cite any apposite authority holding that the testimony of a witness can be excluded on a motion to suppress based upon alleged variances between her trial testimony and prior statements and/or based upon her close relationship with the victim or others. There of course is no such authority. Guerrero's trial counsel did not render deficient performance by failing to file such a baseless motion nor was he prejudiced as a result.

***Ground 4***

In Ground 4, petitioner contended principally that he was denied effective assistance of counsel by the cumulative effect of the foregoing claims of ineffective assistance of counsel. Petitioner's ineffective assistance claims have no more merit in the aggregate than they do viewed singly.

IT THEREFORE IS ORDERED that the petitioner's application (#24) for a certificate of appealability is DENIED as to all claims.

DATED: May 14, 2007.

_____
KENT J. DAWSON
United States District Judge